David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:   ECF CASE
AXA INSURANCE SINGAPORE PTE LTD.
:
           Plaintiff,                       08 Civ. 3084 (DAB)
:
  - against -                        **COMPLAINT**
:
CSX INTERMODAL, INC.
:
           Defendant.
------------------------------------------------------------x

Plaintiff AXA Insurance Singapore Pte Ltd. through its undersigned attorney, alleges as follows for its complaint against defendant upon information and belief:

## FIRST CAUSE OF ACTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337 as this action arises from the intermodal carriage of cargo moving from a foreign county to the United States and said carriage included rail carriage governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706), as well as substantial intended ocean carriage.

2.      Plaintiff seeks recovery for cargo loss caused by defendant's breaches of contract and torts.

3.      Plaintiff AXA Insurance Singapore Pte Ltd. ("AXA") is a corporation organized under the laws of a foreign sovereign with its principal place of business in Singapore.

4.      AXA sues herein on its own behalf as subrogated cargo insurer and for and on behalf of the shipper, consignee and owner of the cargo, as their respective interests may now or ultimately appear.

5.      Defendant CSX Intermodal, Inc. ("CSX" or "defendant") is believed to be a corporation organized under the laws of, and with its principal place of business in, certain of the fifty states.

6.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Upon information and belief defendant at all material times conducted business as a common carrier of cargo by rail for hire, and the provision of rail services for compensation, including the pick up, carriage and delivery of cargo within the State of New York, and/or the contracting to provide such services to entities domiciled in New York and are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8.      This action involves nondelivery, shortage and loss to part of a shipment of perfumery products, which moved, or was intended to move, in container CPSU 1775206 in intermodal transportation from the place of receipt in Jebel Ali to the place of delivery in Miami.  Defendant received custody of the shipment at or near Charleston, South Carolina, for purposes of railroad transportation to final destination.

9. The shipment is described more fully in the annexed Schedule A, which is incorporated herein by reference.

10. On or about March 26, 2007 the shipment was delivered to defendant, or entities acting on its behalf, in full, complete and good order and condition at or near Charleston.

11 At the time of delivery by CSX at the intended destination, certain cargo was determined to be missing and no delivery has been made of said missing cargo.

12. The loss of the cargo occurred while the shipment was in the care, custody and control of defendant or entities acting on its behalf.

13. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $166,318.00, no part of which has been paid although duly demanded, and for which defendant is liable as a common carrier, bailee, forwarder and/or warehouseman for hire.

14. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 of this complaint.

16. With respect to the interstate rail carriage of the cargo CSX was at all material times engaged in the business of a rail carrier, and the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

17. The loss sustained to the shipment in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of CSX or entities acting on their behalf.

18. The loss to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

19. As a result of the aforesaid, defendant CSX is liable, without limitation of any kind, as carrier and/or forwarder under the Carmack Amendment.

### THIRD CAUSE OF ACTION

20. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 14 of this complaint.

21. Defendant agreed and promised to perform services and act as carrier or bailee of the shipment, and defendant is liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

### FOURTH CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 14 of this complaint.

23. Defendant, or entities acting on its behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

24.     The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

## FIFTH CAUSE OF ACTION

25.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 14 of this complaint.

26.     The loss and damage to the shipment in suit was caused in whole or in part by defendant's material deviations from, and its fundamental breaches of, the governing carriage contract.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant CSX Intermodal, Inc.:

a)      for the sum of $166,318.00;

b)      for prejudgment interest at the rate of 9% per annum;

c)      for the costs of this action;

d)      for such other and further relief as this Court deems proper and just.


Dated:  New York, New York
        March 26, 2008

                                LAW OFFICES,
                                DAVID L. MAZAROLI

                                *s/David L. Mazaroli*

                                _____
                                David L. Mazaroli (DM 3929)
                                Attorney for Plaintiff
                                11 Park Place - Suite 1214
                                New York, New York 10007
                                Tel.: (212)267-8480
                                Fax.: (212)732-7352
                                E-mail: dlm@mazarolilaw.com
                                File No.: 7WC-1613

5

# **SCHEDULE A**

| | |
|---|---|
| Ocean Vessel: | M/V "THURINGIA EXPRESS" |
| Voyage: | 0527 |
| Place of Receipt | Miami, FL |
| Port of Loading: | Jebel Ali |
| Destination | Charleston, SC |
| Bill of Lading: | HLCUDXB070202295 |
| Dated: | February 28, 2007 |
| Container No.: | CPSU1775206 |
| Commodity: | 186 boxes perfumery products |
| Claim Amount: | $166,318.00 |
| Booking No.: | 33743837 |
| Hapag-Lloyd File: | 66908 |
| CSX File: | 0803058-16 |
| DLM File: | 7WC-1613 |

6