9152/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
HAPAG-LLOYD CONTAINER LINIE GMBH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXA INSURANCE SINGAPORE PTE LTD,<br><br>Plaintiffs,<br>- against -<br><br>CSX INTERMODAL, INC.; CSX TRANSPORTATION INC.; HAPAG-LLOYD CONTAINER LINIE GMBH;<br>Defendants. | 08 CV 3084 (DAB)<br><br>ECF CASE<br><br>**ANSWER AND CROSS CLAIM** |

Defendants, HAPAG-LLOYD CONTAINER LINIE GMBH (hereinafter "HLCL"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its Answer to the Complaint alleges upon information and belief as follows.

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Admits that Defendant HLCL is a corporation organized and existing under the laws of the Federal Republic of Germany and except as so admitted, denies the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Admits that Defendant HLCL is a vessel operating common carrier (VOCC) as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998, and as except as so admitted, denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 except admits that CSX received custody of the shipment in question at Charleston, South Carolina for the purpose of railroad transportation to the final destination, Miami, Florida.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 except admits that defendant HLCL issued a bill of lading contract covering the shipment of container number CPSU1775206 said to contain 186 boxes of perfumery products from Jebel Ali to Miami Florida via Charleston South Carolina and except as so admitted denies the allegations contained in paragraph 10.

11. Admits that container CPSU1775206 was delivered to defendant HLCL in external good order and condition and except as so admitted denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14 except admits non payment.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

## AS AND FOR ITS ANSWER TO THE SECOND CAUSE OF ACTION

16. Defendant HLCL repeats and realleges the allegations set forth in paragraphs 1-15 of its answer to this complaint as if heretofore set out at length herein.

17. Denies the allegations contained in paragraph 17 as they relate to defendant HLCL.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20 as they relate to defendant HLCL.

## AS AND FOR ITS ANSWER TO THE THIRD CAUSE OF ACTION

21. Defendant HLCL repeats and realleges the allegations set forth in paragraphs 1-20 of its answer to this complaint as if heretofore set out at length herein.

22. Admits that the shipment in question was carried from Jebel Ali to Miami Florida via the port of Charleston pursuant to the terms and conditions of the bill of lading contract issued by defendant HLCL and except as so admitted denies the allegations contained in paragraph 22.

## AS AND FOR ITS ANSWER TO THE FOURTH CAUSE OF ACTION

23. Defendant HLCL repeats and realleges the allegations set forth in paragraphs 1-22 of its answer to this complaint as if heretofore set out at length herein.

24. Denies the allegations contained in paragraph 24 as they relate to defendant HLCL and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 as they relate to co-defendants CSX Intermodal, Inc. and CSXI Transportation Inc.

25. Denies the allegations contained in paragraph 25 as they relate to defendant HLCL and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 as they relate to co-defendant CSX Intermodal, Inc. and CSXI Transportation Inc.

### AS AND FOR ITS ANSWER TO THE FIFTH CAUSE OF ACTION

26. Defendant HLCL repeats and realleges the allegations set forth in paragraphs 1-25 of its answer to this complaint as if heretofore set out at length herein.

27. Denies the allegations contained in paragraph 27 as they relate to defendant HLCL and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 as they relate to co-defendant CSX Intermodal, Inc. and CSXI Transportation Inc.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT
### CSX INTERMODAL, INC. AND CSXI TRANSPORTATION INC.

28. Defendant HAPAG-LLOYD CONTAINER LINIE GMBH repeat and reallege each and every allegation set forth in paragraph 1-27 of its answer to the complaint as if heretofore set out at length herein.

29. If there was any loss or damage to the shipment referred to in plaintiff's complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of CSX INTERMODAL, INC. AND CSXI TRANSPORTATION INC. and by reason thereof, defendant HAPAG-LLOYD CONTAINER LINIE GMBH is entitled to full indemnity and/or contribution from co-defendant CSX INTERMODAL, INC. AND CSXI TRANSPORTATION INC. for all loss and damage claimed by plaintiff including reasonable counsel fees and expenses incurred by HLCL in the defense of this case.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. The shipment in question was carried from a U.S. port to a foreign port pursuant to the terms and conditions of a bill of lading and was, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

31. Defendant, HLCL, claims the benefit of all exceptions, exemptions and limitations contained in its bill of lading and/or the aforesaid statute to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. The shipment in question was subject to a package limitation of $500.00 per package as set forth in COGSA § 4(5) (46 U.S.C.A. 130701 § 4(5)).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. Defendant, HLCL, claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States and all defenses, exceptions and limitations contained in its applicable tariffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. The complaint fails to state a cause of action against defendant HLCL.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. The shipment in question was carried pursuant to a bill of lading contract which specifically provided for a mandatory law and jurisdiction clause stating that any claim or dispute arising under the sea waybill or bill of lading shall be governed by the law of the Federal Republic of Germany and determined in the Hamburg courts to the exclusion of the jurisdiction of the courts of any other place. The complaint as against defendant HLCL should be dismissed in favor of the aforesaid mandatory jurisdiction clause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. The shipment in question was from Jebel Ali in Dubai to the port of Charleston for transshipment to Miami via rail. Therefore, the Southern District of New York is an inconvenient forum for the adjudication of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. In the event the provisions of HLCL's bill of lading and/or COGSA are, for any reason, held inapplicable to all or part of the shipment in question, defendant HLCL claims the benefit of the provisions of its agreement with defendants CSX INTERMODAL, INC. AND CSXI TRANSPORTATION INC. and the U.S. Carmack amendment to the full extent they may be applicable to it.

**WHEREFORE**, defendant HLCL prays that the complaint be dismissed together with costs, disbursements and attorneys' fees or, in the alternative, that if any liability is found against said defendant that it shall have indemnity and contribution from defendants CSX and CSXI together with costs, disbursements and attorneys' fees incurred in the defense of this action.

Dated: New York, New York
June 10, 2008

>                    CICHANOWICZ, CALLAN, KEANE,
>                    VENGROW & TEXTOR, LLP
>                    61 Broadway, Suite 3000
>                    New York, New York 10006
>                    *Attorneys for Defendants*
>                    HAPAG-LLOYD CONTAINER LINIE GMBH
>
> By:    s/ Paul M. Keane
>        Paul M. Keane (PMK-5934)

To:   David Mazaroli
      11 Park Place, Suite 1214
      New York, New York 10007

      DeOrchis & Partners
      61 Broadway, Floor 26
      New York, New York 10006
      Attn: William Lakis

### CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 10, 2008, I served a complete copy of HAPAG-LLOYD CONTAINER LINIE GMBH Answer to Plaintiff's Complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   David Mazaroli
      11 Park Place, Suite 1214
      New York, New York 10007

      DeOrchis & Partners
      61 Broadway, Floor 26
      New York, New York 10006
      Attn:   William Lakis

*Amanda Magri*
Amanda Magri

DATED:   June 10, 2008
         New York, New York